NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MUHAMMAD ABDUL-MALIK SHABAZZ,** | : | **Criminal No. 98-621 (GEB)** |
| | : | |
| **Petitioner,** | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM OPINION AND** |
| | : | **ORDER** |
| **Respondent.** | : | |
| | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Motion by Petitioner *pro se* Muhammad Abdul-Malik Shabazz [hereinafter "Petitioner"] seeking to have this Court reduce his sentence pursuant to Title 18, United States Code, Section 3582 [Docket Entry #147]. The Court, having considered Petitioner's submission and having decided this matter without oral argument pursuant to F.R.Civ.P. 78, and for the reasons discussed below, will deny Petitioner's Motion for Reduction of Sentence.

I.      **Procedural Background**

On October 7, 1998, Petitioner and others were charged in an Indictment consisting of two counts of possession with intent to distribute heroin, a Schedule I narcotic drug, and one count of conspiracy to possess with intent to distribute cocaine, a Schedule II narcotic drug, in violation of 21 U.S.C., §§ 841(a)(1) and 846, respectively.

Petitioner pled not guilty to the aforementioned charges and a jury trial ensued. On November 5, 1999, the jury returned a verdict of guilty for all counts. On February 18, 2000,

Petitioner was sentenced to a custodial term of 210 months.  Petitioner thereafter appealed, and

on November 13, 2000, the Third Circuit Court of Appeals upheld Petitioner's sentence.

Petitioner thereafter filed a petition for *writ of certiorari* with the United States Supreme Court,

and on or about February 28, 2001, said petition was denied.  Petitioner then moved to have his

sentence corrected pursuant to 28 U.S.C. § 2255.  That petition was denied on or about May 3,

2004.

On April 5, 2006, Petitioner filed the instant motion.

**II.**    **Petitioner's Motion Pursuant to 18 U.S.C. § 3582**

In the instant motion for relief, Petitioner argues that the holding of United States v.

Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) effectively constituted an

amendment to the United States Sentencing Guidelines by eliminating 18 U.S.C. § 3553's

provision that a court is bound to consider only the sentencing guidelines when fashioning a

sentence for a defendant.  As such, Petitioner argues, Booker lowered Petitioner's guideline

range by allowing this Court the discretion to impose a lower sentence than previously mandated.

**III.**    **Analysis**

**A.    *18 U.S.C. § 3582***

18 U.S.C. § 3582(c)(2) provides for a reduction in sentence for a defendant who was

subjected to the sentencing guideline ranges which have subsequently been lowered by the

Sentencing Commission.  See 18 U.S.C. § 3582, et seq.

**B.    *Booker Holding***

In 2005, the United States Supreme Court issued United States v. Booker, 543 U.S. 220,

125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a two opinion decision.  Opinion one held that the Sixth

Amendment as construed in a previous ruling (Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)) applied to the United States Sentencing Guidelines.  Opinion two determined that the holding in opinion one invalidated 18 U.S.C. § 3553(b)(1), which was a provision of the Sentencing Reform Act of 1984 making the guidelines mandatory.  Subsequent to the Supreme Court's ruling in Booker, § 3553(b)(1) was severed from the Sentencing Reform Act of 1984.  The United States Sentencing Guidelines thereafter became advisory.

      **C.**      ***Implications of Booker & § 3553(b)(1)***

The Third Circuit Court of Appeals has held that the determination in Booker "is not the equivalent of a Sentencing Guidelines amendment made by the Sentencing Commission." United States v. Lizardo, Slip Copy, 2006 WL 549017 (C.A.3 Pa. 2006) (citing United States v. McBride, 283 F.3d 612 (3d Cir. 2002)) (holding that a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is outside the scope of a sentence modification under § 3582(c)(2)).

Petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 is therefore meritless and shall be denied.

      **D.**      ***Retroactivity of Booker***

The Third Circuit Court of Appeals has also held that the Supreme Court's determination in Booker is not retroactively applicable to cases on collateral review.  Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); United States v. Lizardo, Slip Copy, 2006 WL 549017 (C.A.3 Pa. 2006).

Therefore, Petitioner's Motion for Reduction of Sentence is procedurally barred as Booker may not be applied to case previously adjudicated.

**IV.**   **Conclusion and Order**

For the foregoing reasons, IT IS on this 9th day of May, 2006,

ORDERED that Petitioner Muhammad Abdul-Malik Shabazz's Motion for Reduction in

Sentence pursuant to Title 18, United States Code, Section 3582 is DENIED.



s/Garrett E. Brown, Jr.
_____   _____
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**